**CV 13       7166**

**ROSS, J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TIMOTHEUS GRACE, DAVID ALTMAN, EDWIN
ALTMAN and MACK ALTMAN,
                            Plaintiffs,

              COMPLAINT

   -against-

              JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
JUANCARLOS CRUZ (Shield # 3857) and POLICE
OFFICERS JOHN DOE 1-10,
                          Defendants.
-----------------------------------------------------------------x

Plaintiffs TIMOTHEUS GRACE, DAVID ALTMAN, EDWIN ALTMAN and MACK ALTMAN (hereinafter "plaintiffs"), by their attorney(s) THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants THE CITY OF NEW YORK, POLICE OFFICER JUANCARLOS CRUZ (Shield # 3857) and POLICE OFFICERS JOHN DOE 1-10 (collectively referred to as the Defendants), allege as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists

pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5. Each plaintiff is a resident of the County of Kings, City and State of New York. Each plaintiff is an African American male of full age.

6. At all relevant times POLICE OFFICER JUANCARLOS CRUZ (Shield # 3857) and POLICE OFFICERS JOHN DOE 1-10 (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the NYPD.

7. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department, the NYPD.

8. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant

|  | officers, through the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York. |
|---|---|
| 9. | Plaintiffs sue all defendants in their individual and official capacities. |

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

| 10. | On or about July 25, 2013, at approximately 11:00 a.m., on the sidewalk by the corner of St. Marks Avenue and Buffalo Avenue in Kings County, New York City and State (hereinafter "subject street location"), the plaintiffs Timotheus Grace, David Altman and Edwin Altman were illegally and unlawfully arrested by respondents Police Officer JuanCarlos Cruz (Shield # 3857) and Police Officers John Doe 1-10 (hereinafter "respondent officers"). |
|---|---|
| 11. | Prior to the time of the above-referenced arrest(s), the plaintiff Timotheus Grace (hereinafter "Timotheus") had just left the premises known and described as 1348 St. Marks Avenue, 1st Floor, Brooklyn, New York 11233 (hereinafter "1348 St. Marks 1st Floor location"). |
| 12. | At the corner of St. Marks Avenue and Buffalo Avenue, as Timotheus was walking to a bus stop, three police officers ("defendant officers John Doe 1-3"), who at the time were in an unmarked grey Nissan Pathfinder vehicle, approached Timotheus and asked "how are you doing?" Timotheus, in response, said he was doing fine. |
| 13. | At that point defendant officers John Doe 1-3 told Timotheus that he resembled someone they were looking for. Timotheus asked defendant officers John Doe 1-3 who they were looking for, and he was shown a photograph of his nephew, namely Demetrius Altman (who was in fact, incarcerated at that time). |
| 14. | At that juncture, Timotheus was placed in handcuffs by defendant officers John Doe 1-3. |
| 15. | Having been informed by a neighbor that Timotheus was being arrested, the plaintiffs David Altman ("David") and Edwin Altman |

|    |    |
|----|----|
|    | ("Edwin") approached the scene, informed defendant officers John Doe 1-3 that they were the nephew and brother of Timotheus, and inquired why Timotheus was being arrested. |
| 16. | David and Edwin were asked by defendant officers John Doe 1-3 if they had come out of the premises described as 1348 St. Marks Avenue, Brooklyn, New York 11233 ("subject premises"), and they responded that they had. At that juncture, David and Edwin were arrested by defendant officers John Doe 1-3. |
| 17. | Timotheus, David and Edwin then observed numerous other vehicles pull up to front of the subject premises, and observed numerous police officers run into the subject premises. |
| 18. | At the point when numerous police officers ran into the subject premises, the plaintiff Mack Altman ("Mack") was asleep in a bedroom located within the 1348 St. Marks 1st Floor location. |
| 19. | After the police officers forcible gained entry into said apartment, Mack was roused from sleep, placed in handcuffs by defendant officers John Doe 4-5 while completely nude, and while still completely nude, taken into the living room of said apartment by defendant officers John Doe 4-5. |
| 20. | At the time of the above-referenced arrests, the defendant officers had a search warrant, issued by a New York County Criminal Court Judge, that permitted them to search the 1348 St. Marks <u>1st Floor</u> location, as well as the person of Demetrius Altman. |
| 21. | The above-referenced search warrant had been issued after the defendant Police Officer JuanCarlos Cruz had made false statements in an affidavit, wherein he improperly led the Court to conclude, *inter alia*, that there was reasonable cause to believe that illegal items would be found within the 1348 St. Marks <u>1st Floor</u> location, and the person of Demetrius Altman. |
| 22. | That in fact at the time Police Officer JuanCarlos Cruz provided the above-referenced affidavit to the New York County Criminal Court |

Judge, Demetrius Altman was incarcerated, and had not visited the subject premises for at least one year.

23. Upon gaining entry to the subject premises, which is comprised of three floors (a basement, first floor apartment, and second floor apartment), the defendant officers searched and ransacked each apartment on each floor of the subject premises.

24. Nothing illegal was found within the subject premises.

25. Immediately upon arrest, all of the plaintiffs were taken to the 81st police precinct.

26. Within the 81st police precinct, David, Edwin and Mack were strip searched by the defendant officers 6-8. Nothing illegal was recoverd from David, Edwin and Mack following said strip search(es).

27. Eventually, David, Edwin and Mack were released without charge at approximately 03:30 p.m.

28. Timotheus was taken from the 81st police precinct to the New York City criminal courthouse building located at 1 Centre Street, New York, New York 10007

29. Timotheus was released without charge on July 26, 2013 at approximately 02:30 a.m.

30. When David returned to the subject premises, he discovered that the sum of $800.00 belonging to him had been taken from the subject premises. Said monies were neither vouchered by the defendant officers, and have not been returned to David.

### CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

31. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. That following the above-referenced arrests of the plaintiffs Timotheus, Edwin and David, the defendant officers 1-3 unlawfully

33. searched said plaintiffs, without any individualized suspicion that said plaintiffs were concealing weapons or contraband.

33. That following the above-referenced arrests of the plaintiffs Edwin, David and Mack, the defendant officers 6-8 unlawfully subjected each of said plaintiffs to a humiliating and degrading strip search within the 81st police precinct, without any individualized suspicion that said plaintiffs were concealing weapons or contraband.

34. The foregoing unlawful search(es) violated each of said plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

35. As a consequence of the defendant officers' individual and/or collective actions as set forth above, each plaintiff suffered a significant loss of privacy, humiliation, mental anguish, depression, and their constitutional rights were violated.

36. Each hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

37. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The arrest, detention and imprisonment of each plaintiff was/were without just or probable cause and without any warrant or legal process directing or authorizing each plaintiff's arrest, detention or imprisonment.

39. As a result of each plaintiff's false arrest, detention and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

40. Consequently, each plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial, against each of the above-referenced defendant officers, individually and severally.

41. At the time of the incident, each of the above-referenced defendant officers, who at the time were employed by defendant City of New York, were in the course of their duties. As such, the defendant City of New York is responsible for the above-referenced defendant officers' actions, based upon the theory of *respondeat superior*.

### CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

42. By this reference, the plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. Each and every individual defendant had an affirmative duty to intervene on each plaintiff's behalf to prevent the violation to said plaintiuff's constitutional rights, as more fully set forth above.

44. The individual defendants failed to intervene on each plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

45. As a consequence of said defendants' actions, each plaintiff suffered a significant loss of privacy, loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Each plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

WHEREFORE, each plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3.  For costs of suit herein, including the plaintiffs' reasonable attorney's fees; and;

4.  For such other and further relief as the court deems proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
December 16, 2013

LAW OFFICES OF WALE MOSAKU, P.C.

By: _____

Wale Mosaku (AM5872)
Attorney(s) for the Plaintiffs
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994